UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APRIL PEOPLES,

    Plaintiff,

                                                        CASE NO.:

v.

LABORATORY CORPORATION
OF AMERICA,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, APRIL PEOPLES, by and through undersigned counsel, brings this action against Defendant, LABORATORY CORPORATION OF AMERICA and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq., and 29 U.S.C. § 2601 et seq. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and worked in Hillsborough County.

5. Defendant operates a laboratory company in Hillsborough County.

## GENERAL ALLEGATIONS

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and ADA and retaliated against Plaintiff for exercising these same rights.

10. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

11. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

12. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4) who employed 50 or more employees within 75 miles of where

Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to Plaintiff seeking leave under FMLA.

13. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

## FACTS

14. Plaintiff began working for Defendant on or around June 2017 as a temporary employee and was made a permanent employee on or around May 2019.

15. For approximately two years, Plaintiff was the only temporary employee in the Tampa recruiting department. Defendant kept Plaintiff as a temporary employee thus denying Plaintiff her full benefits given to its permanent employees such as health insurance, paid time off, and the ability to request leave pursuant to the Family Medica Leave Act.

16. Plaintiff is an African American female, and the only African American female in Defendant's Tampa recruiting department in the beginning of 2018.

17. Plaintiff complained about being the only temporary employee and it was only then Defendant offered Plaintiff a permanent position.

18. However, even after Plaintiff became a permanent employee, Defendant continued its discriminatory treatment against Plaintiff, for example, Defendant assigned Plaintiff to its Mid-Atlantic department which covered

eighteen (18) states. Comparatively, Plaintiff's non-African American counterparts had less states assigned to them, effectively giving Plaintiff more work.

19. Plaintiff's non-African American counterparts had assistants and support assigned to help them. However, Defendant refused to give Plaintiff an assistant. Plaintiff complained about this.

20. Only after complaining was Plaintiff was assigned an assistant, but only to help with one aspects of Plaintiff's job, specifically drug screens. Defendant then assigned this assistant to help in other departments, so that their attention, time, and focus was divided and no real help to Plaintiff.

21. Defendant failed to provide adequate training to Plaintiff but provided training to all of its non-African American employees.

22. Defendant provided all of Plaintiff's counterparts with company issued cell phones but refused to provide one to Plaintiff. Because Plaintiff was assigned to Mid- Atlantic clients, in multiple time zone, Plaintiff would receive calls on her personal cell phone late in the evening and early in the morning.

23. Defendant permitted Plaintiff's non-African American counterparts greater authority and ability to act independently while at the same time restricting Plaintiff's abilities, thereby requiring plaintiff to use her time to gain approval for her actions.

24. Without appropriate support, Plaintiff was unable to take time off unless it was truncated to half-days, so that she could keep up with her work.

25. By filing complaints with Defendant about the discriminatory treatment she received, Plaintiff engaged in protected activity.

26. In or around September 2020, Plaintiff suffer from a serious health condition within the meaning of the FMLA and also a qualified disability withing the meaning of the ADA.

27. Plaintiff was a qualified individual with a disability who could perform the essential functions of her job with or without a reasonable accommodation.

28. In or about January 2021, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request as a reasonable accommodation to care for herself.

29. Plaintiff exercised her rights under the FMLA and ADA by filing for and utilizing FMLA leave as a reasonable accommodation.

30. On or about February 11, 2021, Plaintiff's employment was terminated in retaliation for engaging in protected activity, and for requesting FMLA leave as a reasonable accommodation.

31. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## **COUNT I – TITLE VII VIOLATION**
## **(DISCRIMINATION)**

32. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-8, and 13-25 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII.

34. Plaintiff was subjected to disparate treatment on the basis of her race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-8 and 13-25 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under Title VII.

39. Plaintiff exercised or attempted to exercise her rights under Title VII by reporting the racial discrimination to Defendant, thereby engaging in protected activity under Title VII.

40. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity

41. Defendant's actions were willful and done with malice.

42. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

43. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## **COUNT III – FCRA VIOLATION**
## **(DISCRIMINATION)**

44. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-8, and 13-25 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff was subjected to disparate treatment on the basis of her race by Defendant. Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) An injunction restraining continued violation of the FCRA by Defendant;

n) Compensation for lost wages, benefits, and other remuneration;

o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

t) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

49. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-8, 13-25 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. Plaintiff exercised or attempted to exercise her rights under the FCRA by reporting the racial harassment to his supervisor, thereby engaging in protected activity under the FCRA.

52. Defendant retaliated against Plaintiff for engaging in protected activity under FRCA by terminating her employment.

53. Defendant's actions were willful and done with malice.

54. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

55. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

m) A jury trial on all issues so triable;

n) That process issue and that this Court take jurisdiction over the case;

o) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

p) That this Court enter an injunction restraining continued violation of the FCRA Defendant;

q) Compensation for lost wages, benefits, and other remuneration;

r) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

s) Front pay;

t) Any other compensatory damages, including emotional distress, allowable at law;

u) Punitive damages;

v) Prejudgment interest on all monetary recovery obtained.

w) All costs and attorney's fees incurred in prosecuting these claims; and

x) For such further relief as this Court deems just and equitable.

## COUNT V – FMLA INTERFERENCE

37. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-8, 9-12 and 26-30 of this Complaint, as fully set forth herein.

38. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

39. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

40. Defendant's actions were willful and done with malice.

41. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)    That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    (b)    An injunction restraining continued violation of the FMLA by Defendant;

    (c)    Compensation for lost wages, benefits, and other remuneration;

    (d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

 (e) Front pay;

 (f) Liquidated Damages;

 (g) Prejudgment interest on all monetary recovery obtained;

 (h) All costs and attorney's fees incurred in prosecuting these claims; and

 (i) For such further relief as this Court deems just and equitable.

## **COUNT VI – FMLA RETALIATION**

42. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-5, 6-8, 9-12, and 26-30 of this Complaint, as fully set forth herein.

43. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

44. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

45. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

 (a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b)    An injunction restraining continued violation of the FMLA by Defendant;

    (c)    Compensation for lost wages, benefits, and other remuneration;

    (d)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

    (e)    Front pay;

    (f)    Liquidated Damages;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

## **COUNT VII—ADA VIOLATION**

48.    Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 6-8, and 26-30 of this Complaint, as though fully set forth herein.

49.    Plaintiff is disabled, or was perceived by Defendant as being disabled.

50. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated Plaintiff from her employment.

51. Defendant's actions were willful and done with malice.

52. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

   a) A jury trial on all issues so triable;

   b) That process issues and that this Court take jurisdiction over the case;

   c) An injunction restraining continued violation of law enumerated herein;

   d) Compensation for lost wages, benefits, and other remuneration;

   e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

   f) Compensatory damages, including emotional distress, allowable at law;

   g) Punitive damages;

   h) Prejudgment interest on all monetary recovery obtained;

   i) All costs and attorney's fees incurred in prosecuting these claims; and

   j) For such further relief as this Court deems just and equitable.

### COUNT VIII– ADA RETALIATION

53. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 6-8, and 26-30 of this Complaint, as though fully set forth herein.

54. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

55. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

56. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff from her employment.

57. Defendant's actions were willful and done with malice.

58. The adverse employment action that Defendant took against Plaintiff was material.

59. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 14th day of December 2022.

                Respectfully submitted,

                */s/ Brandon J. Hill*
                **BRANDON J. HILL**
                Florida Bar Number: 0037061
                Direct Dial: 813-337-7992
                **AFRICA F. ALTIDOR**
                Florida Bar Number: 124595
                Direct Dial: 813-321-4085
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                Email: bhill@wfclaw.com
                Email: aaltidor@wfclaw.com
                Email: aketelsen@wfclaw.com
                **Attorneys for Plaintiff**